**TIMOTHY A. SCOTT**
California Bar No. 215074
LAW OFFICES OF TIMOTHY A. SCOTT, APC
1350 Columbia Street, Suite 600
San Diego, California 92101
Telephone: (619) 794-0451
Facsimile: (619) 652-9964
Email: tscott@timscottlaw.com

Attorneys for Joshua Hester

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE BARRY T. MOSKOWITZ)**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JOSHUA HESTER,<br>Defendant. | Case No. 10-CR-2967-BTM<br><br>**Defendant's Supplemental Memorandum In Response to Government's Motion to Seize Inmate Funds** |

**I.**

**Introduction**

Joshua Hester, by and through counsel, respectfully submits his supplemental memorandum in response to the government's motion to seize the funds in his inmate trust account.[1]

[1] To avoid unnecessary repetition, Hester incorporates by reference his previous briefing on this issue. *See* Docket 1020, 1022, 1024.

## II.

## Discussion

### A. The Court lacks jurisdiction to amend the Citigroup restitution order under the Mandatory Victims Restitution Act.

The law is clear. "Federal courts have no inherent power to award restitution, but may do so only pursuant to statutory authority."[2] "[C]ourts have such authority under the Victim and Witness Protection Act of 1982 ("VWPA"), providing for discretionary awards of restitution after conviction for certain crimes, 18 U.S.C. § 3663, and under the Mandatory Victims Restitution Act of 1996 ("MVRA"), providing for mandatory restitution for crimes of violence and property offenses, 18 U.S.C. § 3663A."[3] The MVRA applies in this case, and the statute specifies the circumstances in which a restitution order may be modified or amended. None of them apply here.

A restitution order may be corrected under Rule 35 of the Federal Rules of Criminal Procedure.[4] It can be appealed to and modified by the Ninth Circuit.[5] It can be amended when a victim discovers new losses and petitions the court for relief, and it can be adjusted upon a showing that there has been a material change in the defendant's economic circumstances.[6]

None of those circumstances are present in this case. The time for correction under Rule 35 has long expired.[7] There are no appellate remedies available. Citigroup has not alleged any newly discovered losses, and there has been no showing of any

---

2 *United States v. Follet*, 269 F.3d 996, 998 (9th Cir.2001) (*citing United States v. Hicks*, 997 F.2d 594, 600 (9th Cir.1993)).

3 *Id.*

4 *See* 18 U.S.C. § 3664(o)

5 *Id.*

6 *See* 18 U.S.C. § 3664(d)(5),(k).

7 *See* Fed. R. Crim. P. 35 (establishing 14-day period after sentencing for correcting clear errors in sentence).

material change in Hester's economic circumstances. As to this last section, courts have noted that "the relevant inquiry is whether there has been a material change in [the defendant's] ability to pay after the Court ordered restitution."[8] If the defendant's "present financial status is not any different from that which the Court contemplated when it imposed restitution," then 18 U.S.C. § 3664(k) does not apply.[9] In sum, because none of the 18 U.S.C. § 3664(o) factors support an amendment to the restitution order, the government's motion should be denied.

**B. The Court lacks jurisdiction to amend the Citigroup restitution order by modifying the conditions of supervised release.**

The law is clear on this point as well. A district court may only modify conditions of supervised release pursuant to 18 U.S.C. § 3583(e). That section states that the court can only authorize a modification "after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)."[10] Those are the only permissible factors in the analysis. The Ninth Circuit has expressly held that other factors, including the potential illegality of some or all of the conditions, cannot form the basis for a modification. Indeed, in *United States v. Gross*, the Court observed that "conspicuously absent from this list of relevant factors is illegality."[11] The Court in *Gross* relied on persuasive authority from the Second and Fifth Circuits to reject the defendant's claim that the Court could rely on § 3583(e) to amend illegal conditions of supervised release. Both of those cases are particularly relevant here.

*United States v. Lussier* was decided first.[12] There, the defendant was sentenced to pay more than $400,000 in restitution. Years later, he filed a motion arguing that the

---

8 *United States v. Soraka*, 508 F.Supp.2d 869, 871 (D. Oregon 2007).

9 *Id.*

10 18 U.S.C. § 3583(e)

11 307 F.3d 1043, 1044 (9th Cir. 2002).

12 104 F.3d 32 (2d Cir. 1997).

restitution order was illegal and that the district court had jurisdiction to entertain the motion because "because (i) payment of the restitution in installments was a condition of his supervised release under 18 U.S.C. § 3663(g), and (ii) pursuant to 18 U.S.C. § 3583(e)(2), the sentencing court 'may modify, reduce, or enlarge' conditions of supervised release at any time."[13] The district court concluded that it lacked authority to entertain the motion because it was based on a claim of illegality, and the Second Circuit affirmed. The Court noted simply: "the plain language of subsection 3583(e)(2) indicates that the illegality of a condition of supervised release is not a proper ground for modification under this provision."[14]

*Lussier* informed the Fifth Circuit's opinion in *United States v. Hatten*.[15] There, as here, the district court ordered restitution, but "was silent as to the schedule for the restitution payments."[16] Moreover, the defendant "did not directly appeal any part of his sentence."[17] Years later, he moved to invalidate the restitution order, arguing that the district court had improperly delegated its payment scheduling authority to the probation office. In response, the government asked for and received a payment schedule, with the court ordering the defendant to pay $1,486 per month in restitution. The Fifth Circuit reversed.

The Court held that the "'streamlined scheme of sentencing review' established by the Sentencing Reform Act of 1984 would be disrupted by the acceptance of an interpretation of § 3583(e)(2) that 'authorize[d] the district court, at any time, to modify or rescind an allegedly illegal condition of supervised release.'" Adopting *Lussier*'s reasoning, the Court found that "§§ 3663(g) and 3583(e)(2) do not provide a

---

[13] *Id*. at 34.

[14] *Id*.

[15] 167 F.3d 884 (5th Cir. 1999).

[16] *Id*. at 885.

[17] *Id*.

jurisdictional basis for the district court's order."[18].

This authority reveals that a court cannot amend illegal restitution orders by relying on its power to modify the conditions of supervised release. Any modification would need to be justified by specific § 3553 factors, namely "the nature and circumstances of the offense, the need for deterrence, the need to protect the public, the need to provide defendant with training or medical care, and the relevant provisions of the Sentencing Guidelines."[19] None of those factors support an amendment to the restitution order in this case.

For these reasons too, the Court should decline to amend the restitution order in this case. The government's motion should be denied accordingly.

## IV.

## Conclusion

For all these reasons, the Court should decline to amend the Citibank restitution order and should deny the government's motion to seize the funds from Hester's inmate trust account.

Dated: February 22, 2016

Respectfully submitted,

*s/ Timothy A. Scott*

**TIMOTHY A. SCOTT**
LAW OFFICES OF TIMOTHY A. SCOTT, APC

Attorneys for Joshua Hester

---

[18] *Id.* at 886.

[19] *Gross, supra*, at 1044.