**TIMOTHY A. SCOTT**
California Bar No. 215074
LAW OFFICES OF TIMOTHY A. SCOTT, APC
1350 Columbia Street, Suite 600
San Diego, California 92101
Telephone: (619) 794-0451
Facsimile: (619) 652-9964
Email: tscott@timscottlaw.com

Attorneys for Joshua Hester

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE BARRY T. MOSKOWITZ)**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JOSHUA HESTER,<br>Defendant. | Case No. 10-CR-2967-BTM<br>**Defendant's Reply to Government's Response to Order to Show Cause** |

**I.**

**Introduction**

Joshua Hester, by and through counsel, respectfully submits his reply to the government's response to the Court's order to show cause.[1]

[1] *See* Docket 1040.

## II.

## Ninth Circuit law precludes the Court from modifying the conditions of supervised release to impose a restitution payment plan in this case.

The government relies on 18 U.S.C. § 3563 to argue that the Court can order restitution as part of the terms of supervised release.[2] It further claims that "a payment plan can be included as a condition of supervised release and payments may be spread over the course of the supervised release term but should be based on ability to pay so that the victim is compensated as soon as possible."[3] The government is mistaken.

Section 3563 does not control here. That statute describes the conditions that must be imposed as part of "a sentence of probation."[4] Hester was not sentenced to probation and was not even eligible for a sentence of probation.[5] He was sentenced to 100 months in custody and five years of supervised release, with the condition that "the defendant pay. . . any restitution that remains unpaid at the commencement of the term of supervised release *in accordance with the Schedule of Payments set forth in this judgment*."[6] Instead, as Hester has noted, the Court's authority over supervised release is limited by 18 U.S.C. § 3583.

Courts that have interpreted that statute have rejected the government's claim that a payment plan should be imposed at this stage as a condition of supervised release. Ninth Circuit law is clear that a district court's authority over supervised release does not extend to the correction of allegedly illegal conditions of supervision.[7] The record here

---

[2] Docket 1040 at 3-4. The government erroneously claims that Hester owes $954,702.00 to Citigroup. The restitution order set the alleged amount at $329,767.00. *See* Docket 891.

[3] *Id*. at 4.

[4] *See* 18 U.S.C. § 3563(a); *see also* 18 U.S.C. §§ 3561, 3562.

[5] *See* 18 U.S.C. § 3561(a).

[6] *See* Docket 804 at 3. (Emphasis provided.)

[7] *See United States v. Gross*, 307 F.3d 1043, 1044 (9th Cir. 2002).

shows that the district court illegally ordered Hester to pay restitution without accounting for his economic circumstances or setting the required payment schedule. To correct this illegality, the government now asks the Court to modify the conditions of release and establish a payment schedule. But the supervised release statute does not grant that authority. Indeed, "it would frustrate Congress's intent if this court were to interpret § 3583(e)(2) to authorize a district court to modify or rescind an allegedly illegal condition."[8] Simply put, the Court lacks jurisdiction over the government's request, and other Circuit courts have reversed payment schedules secured by the government in similar circumstances.[9] The government's motion should be denied and Hester should regain access to the funds in his inmate trust account.

## III.

## Conclusion

For all these reasons, the Court should decline to amend the Citibank restitution order and should deny the government's motion to seize the funds from Hester's inmate trust account.

Dated: February 29, 2016

Respectfully submitted,

*s/ Timothy A. Scott*

**TIMOTHY A. SCOTT**
LAW OFFICES OF TIMOTHY A. SCOTT, APC

Attorneys for Joshua Hester

---

[8] *Id.*

[9] *See United States v. Hatten*, 167 F.3d 884 (5th Cir. 1999).